IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THEODORE THOMAS WAGNER; ANGIE SMITH; AND INMATE UNKNOWN AT THIS TIME, ⎫<br><br>Plaintiffs, ⎬<br><br>vs. ⎬<br><br>CHARLESTON COUNTY JAIL; UNKNOWN OFFICERS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, ⎬<br><br>Defendants. ⎭ | ) Civil Action No. 3:05-1435-GRA-JRM<br><br>**REPORT AND RECOMMENDATION** |

Plaintiffs, Theodore Thomas Wagner ("Wagner"), Angie Smith ("Smith"), and "Inmate unknown at this time" filed this action, pro se, in the Court of Common Pleas for Charleston County, South Carolina. Defendants removed this action to this court on May 17, 2005.[1] Defendants also filed a motion to dismiss on May 17, 2005. Because Plaintiffs are proceeding pro se, they were advised on July 7, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of their complaint. Wagner[2] filed responses on June 2 and August 15, 2005. The other Plaintiffs have not filed responses.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

[2] The Complaint is unsigned. Wagner is the only plaintiff who has signed pleadings filed with this court.

STANDARD FOR MOTION TO DISMISS

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F.2d 870, 872. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (1993), cert. denied, American Home Products Corp. v. Mylan Labs., Inc., 510 U.S. 1197 (1994); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Haines v. Kerner, 404 U.S. 519 (1972). When, however, it appears to the court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have its motion to dismiss granted. Fed. R. Civ. P. 12(b)(6).

    1.    Second and Third Causes of Action (Claims by Plaintiffs Angie Smith and "Inmate Unknown at this Time")

Defendants argue that the second (claim that a male correctional officer sexually harassed Smith) and third (claim that the unknown inmate was subjected to cruel and unusual punishment) causes of action should be dismissed because Plaintiff Wagner lacks standing to assert them. Wagner claims that he can appear for others pursuant to South Carolina law.

Plaintiff Wagner, who has brought this action pro se, lacks standing to assert the claims of other detainees. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

Plaintiff "Inmate unknown at this time" has never been identified. Plaintiff Smith did not sign the Complaint in this action. Plaintiff Wagner lacks standing to assert these causes of action on behalf of Smith and the unnamed Plaintiff. The South Carolina statute cited by Wagner merely provides that a person may represent himself pro se. See S.C. Code Ann. § 40-5-80 ("This chapter [attorneys-at-law] may not be construed so as to prevent a citizen from prosecuting or defending his own cause, if he so desires."). Wagner did not assert that he suffered any personal injury as to the second and third causes of action. It is, therefore, recommended that Plaintiffs' second and third causes of action be dismissed.

2.    Charleston County Jail

Defendant Charleston County Jail contends that it should be dismissed because it is not a legal entity subject to suit. Buildings, walls, and fences do not act under color of state law. See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California

Adult Authority and San Quentin Prison not "person[s]" subject to suit under § 1983). Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit. See, e.g., Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(Denver Police Department not a separate suable entity), vacating and remanding for consideration of mootness, 475 U.S. 1138 (1986); Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D.Fla. 1990); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)(§ 1983 claims are directed at "persons" and a jail is clearly not a person amenable to suit); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984). Hence, Charleston County Jail is not a "person" subject to suit under 42 U.S.C. § 1983.

  3. Statute of Limitations

    Defendants contend that Plaintiffs' claims are barred by the applicable statute of limitations because the alleged actions occurred in mid-March 2002 and Plaintiffs did not file this action until over three years later on March 28, 2005. In his memorandum in opposition to the motion to dismiss, Wagner claims that he mailed his Complaint on March 10, 2005.

 State law concerning limitation of actions applies in claims brought under § 1983. See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also Burnett v. Grattan, 468 U.S. 42 (1984); and Owens v. Okure, 488 U.S. 235 (1989). In South Carolina, the statute of limitations is three years for claims arising after April 5, 1988. S.C. Code Ann. § 15-3-530. A cause of action accrues at the moment when the plaintiff has a legal right to sue on it. Brown v. Finger, 124 S.E.2d 781

(S.C. 1962). Under Houston v. Lack, 487 U.S. 266 (1988), a prisoner's delivery of legal mail to prison officials for mailing constitutes the filing of the document.[3]

Here, in the light most favorable to Plaintiff Wagner, he mailed his Complaint from his place of incarceration on March 10, 2005, which may have resulted in a timely filing pursuant to Houston v. Lack. Defendants did not file a reply to Wagner's opposition memoranda. There is a genuine issue of material fact as to whether Plaintiff Wagner timely filed this action.

    4.    Defendants Unknown Officers

Plaintiffs have named "Unknown Officers" as defendants. In an order filed December 15, 2005, the undersigned warned that Defendants "Unknown Officers" might be subject to summary dismissal if they were not properly served. Federal Rule of Civil Procedure 4(m) states in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time….

Further, Local Rule 4.01, DSC provides:

---

[3]Plaintiffs may also be attempting to allege state law claims. State, rather than federal, procedural rules control when an action under state law is commenced for purposes of the state statute of limitations. See Wolfberg v. Greenwood Dev. Corp., 868 F. Supp. 132 (D.S.C. 1994). The South Carolina Rules of Civil Procedure provide:
> A civil action is commenced when the summons and complaint are filed with the clerk of court if:
> > (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or
> > (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

S.C.R.Civ. P. 3(a).

> In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

Plaintiffs have not identified the "Unknown Officers" and has not shown that they have been properly served. It is, therefore, recommended that Defendants "Unknown Officers" be dismissed sua sponte from this action.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion to dismiss be granted in part and denied in part. It is recommended that the motion be granted as to Plaintiffs' second and third causes of action and as to Charleston County Jail, and denied in all other respects. It is also recommended that Defendants "Unknown Officers" be dismissed without prejudice sua sponte pursuant to Federal Rule 4(m).

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

January 9, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201