UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Theodore Thomas Wagner; Angie Smith; and Inmate Unknown at this Time;<br><br>                    Plaintiffs;<br><br>v.<br><br>Charleston County Jail; Unknown Officers in their Individual and Official Capacities;<br><br>                    Defendants. | C/A No. 3:05-1435-GRA-JRM<br><br><br>ORDER<br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed January 9, 2005.  Plaintiffs, Theodore Thomas Wagner ("Wagner"), Angie Smith ("Smith"), and "Inmate unknown at this time" filed this action, *pro se*, in the Court of Common Pleas for Charleston County, South Carolina.  Defendants removed this action to this court on May 17, 2005.  Defendants also filed a motion to dismiss on May 17, 2005.  Because Plaintiffs are proceeding *pro se*, they were advised on July 7, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of their complaint.  Wagner[1] filed responses on June 2 and August 15, 2005.  The other Plaintiffs have not filed responses.

The magistrate recommends that Defendants' motion to dismiss be granted in part and denied in part.  The magistrate recommends that the motion be granted as to Plaintiffs' second and third causes of action and as to Charleston County Jail, and denied in all other respects.  It is also recommended that Defendants "Unknown Officers" be dismissed without prejudice *sua sponte* pursuant to Federal Rule of Civil

---

[1] The Complaint is unsigned.  Wagner is the only plaintiff who has signed pleadings filed with the court.

1

Procedure 4(m).

This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

Parties must file with the clerk of court specific, written objections to the Report and Recommendation, if they wish the United States District Judge to consider them.  Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. FED. R. CIV. P. 72(b); *See Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Wagner filed objections to the Report and Recommendation on December 28, 2005.  Neither Defendants nor the other plaintiffs filed objections.  In Wagner's objections, he merely restates the general facts that he alleges entitles him to relief and recounts his efforts to obtain information for his suit; Wagner identifies no specific point of error in the Report and Recommendation.  Thus, Wagner's objections

are not sufficient to require a *de novo* review of the Report and Recommendation by this Court.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss be GRANTED as to Plaintiff's second and third causes of action and as to Charleston County, and DENIED in all other respects.

IT IS FURTHER ORDERED that Defendants "Unknown Officers" be dismissed without prejudice *sua sponte* pursuant to Federal Rule of Civil Procedure 4(m).

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel, filed January 26, 2006, be DENIED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February    1   , 2006


### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.